**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ROBERT L. SIMMONS,                        Case No. 1:20-cv-810

       Plaintiff,                                  Dlott, J.
                                                     Bowman, M.J.

    v.

MR. JAMES DAILEY, JAILER,

       Defendant.

**REPORT AND RECOMMENDATION**

On October 15, 2020, Plaintiff Robert L. Simmons, a pro se litigant with a growing resume of litigation in this Court,[1] tendered a *pro se* complaint, together with a motion seeking to proceed in this court *in forma pauperis*, or without payment of the requisite filing fee. (Doc. 1). By separate Order, his motion has been granted, resulting in the filing of the tendered complaint

**I. General Screening Authority**

Prior to service of process, this Court must conduct a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Although a plaintiff's *pro se* complaint must be "liberally construed" and

---

[1] The above-captioned case is Plaintiff's fourth civil case filed this year. On the same date he filed the instant case, Plaintiff filed Case No. 1:20-cv-809-SJD-KLL, *Simmons v. Massie*. Upon initial review, the Court identified Case No. 1:20-cv-809 as related to an earlier case that had been dismissed for lack of subject matter jurisdiction and/or for failure to state any claim. *See Simmons v. McMullen*, Case No. 1:20-cv-001 (Doc. 4, Report and Recommendation filed 1/7/20). Earlier this year, the Court dismissed another case on similar grounds, Case No. 1:20-cv-20-TSB-SKB. Plaintiff appears to have filed at least one additional civil case during a period of time that he was incarcerated. *See, e.g., Simmons v. Lee*, Case No. 1:95-cv-300.

"held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). In addition to its obligation to screen the complaint under 28 U.S.C. §1915(e)(2), this Court must determine whether it has subject matter jurisdiction over this action.

**II. Analysis**

Plaintiff's complaint asserts the existence of federal question jurisdiction. (Doc. 1-1 at 1). Under 28 U.S.C. §1331, federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff submitted his complaint on a form typically used to allege violations of civil rights under 42 U.S.C. §1983, and identifies as the sole Defendant the Jailer of the Campbell County Detention Center ("C.C.D.C.").[2] In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendant, acting under color of state law, violated his constitutional rights. Frankly, Plaintiff's complaint is difficult to follow. However, even liberally construed, it is clear that the complaint must be dismissed based upon its failure to state any claim under § 1983 or any other federal law.

Similar to Case No. 1:20-cv-20, in which Plaintiff sought monetary compensation for lost "packages" that allegedly were misdelivered to an employee of a homeless shelter, in this case he appears to seek monetary compensation for lost property (primarily legal papers) relating to one of his prior lawsuits in this Court, Case No. 1:20-

---

[2]Both Plaintiff and Defendant reside in the Commonwealth of Kentucky, calling into serious question the issue of whether venue is proper in this Court. However, because it is clear that Plaintiff has failed to state any claim, this case should be dismissed rather than transferred to the Eastern District of Kentucky.

cv-01. It appears he is alleging that he was falsely accused of some type of bank fraud or related wrongdoing in January 2020, and temporarily jailed in the C.C.D.C. At the time of his arrest, he alleges that he had a gym bag that contained his legal papers. Plaintiff alleges that although some personal property was returned to him upon his release, his gym bag and the papers were not returned. (Doc. 1-1 at 7). He alleges that at some point he saw a Kroger employee connected with his prior lawsuit working at another Kroger he visited, and subsequently realized that his federal lawsuit had been "erased." (Doc. 1-1 at 6). He speculates that some unknown person or persons at the CCDC must have caused the disappearance of his gym bag, the disappearance of his former federal lawsuit, and arranged for the Kroger employee to be transferred to the location where Plaintiff was shopping, or perhaps conspired with Defendant. (Doc. 1-1 at 8-9).

In the "relief" section of Plaintiff's complaint form, he states he is seeking relief for "tampering, malicious prosecuting due-process, discrimination, tampering w/ criminal intent, contact (F.B.I.)," and seeks an investigation into the "overwhelming corruption in Campbell County Ky (Newport)" with a non-party Kroger employee alleged to be a "co-conspirator." (Doc. 1-1 at 4). He alleges he has been "[d]enied my right to the pursuit of happiness," and seeks "life-sized color posters of my products" [apparently referring to a business enterprise]. Last, he seeks 350 million dollars in monetary damages for defamation, and "profession[al] protection because as you can see they can't be trusted." (*Id.*)

Plaintiff has not identified the capacity in which the Defendant is sued. However, to the extent the Defendant is sued in his official capacity, he is absolutely immune from Plaintiff's claim for monetary damages under the Eleventh Amendment to the United States Constitution. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989);

*Kentucky v. Graham,* 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").

Even more importantly, Plaintiff has failed to include sufficient factual detail concerning any specific conduct taken by the Defendant. To the extent that Plaintiff has identified the Jailer because of his supervisory position, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Furthermore, §1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has not alleged sufficient factual content for the Court to infer that Defendant was personally involved or acquiesced in any unconstitutional behavior. Finally, many of Plaintiff's allegations can be described as "fantastic or delusional scenarios"; thus, satisfying the definition of frivolousness. *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989).

The undersigned is concerned with the recent pace of Plaintiff's filings, as this is his third case for which dismissal is being recommended on initial screening, with his fourth case filed this year, Case No. 1:20-cv-809, still under initial review. A Court may impose pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters. *Feathers v. Chevon U.S.A., Inc., et al.,* 141 F.3d 264, 269 (6th Cir.1998). Without doubt, a litigant who files a case without merit wastes the resources of the court and the named defendants. See e.g., *Martin v. District of Columbia Court of Appeals,* 506 U.S. 1, 3, 113 S.Ct. 397, 121

4

L.Ed.2d 305 (1992) (noting that every frivolous paper filed causes some drain on the court's limited resources). At this juncture, the undersigned recommends warning Plaintiff that if he files any additional lawsuits in this Court that are deemed to be frivolous or duplicative, his litigation practice may be deemed to be vexatious and a waste of judicial resources.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT:**

1. This case be **DISMISSED WITH PREJUDICE** for failure to state any claim under 28 U.S.C. §1915(e)(2);

2. Plaintiff should be warned that if he files any additional lawsuits that are deemed to be frivolous or duplicative, his litigation practice may be deemed to be vexatious, with the possibility that pre-filing restrictions will be imposed prior to permitting him to file new lawsuits;

3. The Court should certify pursuant to 28 U.S.C. § 1915(a) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

5

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ROBERT L. SIMMONS,

    Plaintiff,

  v.

MR. JAMES DAILEY, JAILER,

    Defendant.

Case No. 1:20-cv-810

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

                                          *s/ Stephanie K. Bowman*
                                          Stephanie K. Bowman
                                          United States Magistrate Judge